**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TASHONA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:26-cv-02877 |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Tashona Davis ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Ford Motor Company ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII"), seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC")  (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Tashona Davis, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Ford Motor Company, is an entity doing business in and for Cook County in the State of Illinois whose address is 12600 S Torrance, Chicago, Illinois, 60633-1111.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. On or about October 14, 2019, Plaintiff was hired by Defendant as a Production

Worker/ Auto Assembler.

12.     Plaintiff is currently employed in this capacity.

13.     Plaintiff is female and is a member of a protected class because of her sex.

14.     Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class (female).

15.     Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

16.     During her employment with Defendant, Plaintiff has met or exceeded Defendant's performance expectations in all areas, as she has not received any non-retaliatory negative performance remarks or write-ups.

17.     Beginning in or around 2021 and continuing unabated into or around November 2024, Plaintiff's team lead, James Tolbert, began subjecting Plaintiff to sexual harassment.

18.     During this time, Tolbert was Plaintiff's direct supervisor and despite Plaintiff's opposition, he would continuously make highly inappropriate comments towards Plaintiff.

19.     For example, Tolbert would repeatedly tell Plaintiff that he liked her and that he wanted to "fuck [her]."

20.     Tolbert would announce publicly in front of other coworkers that Plaintiff wasn't wearing underwear.

21.     Tolbert would stare at Plaintiff in a suggestive manner and state in a sexual manner that Plaintiff's buttocks was, "jiggling a lot."

22.     Tolbert further stated that he has a big dick and could throw it over Plaintiff's shoulder.

23. Taken together, these comments demonstrate that Plaintiff was subjected to egregious harassment on the basis of her sex, as they were inappropriate, unwelcome, and directed at Plaintiff because of her gender.

24. Because of Plaintiff's deep discomfort by the inappropriate behavior, Plaintiff immediately opposed the sexual harassment to Tolbert explaining that she was not interested.

25. By directly opposing the harassment to Defendant's team lead, Plaintiff had engaged in protected activity.

26. Further, as Tolbert was a supervisor he had not only the authority but the responsibility to address complaints of sexual harassment and to elevate the complaints to higher ups and/or HR, but entirely failed to do so.

27. Despite Plaintiff's multiple attempts to oppose the harassment by saying she was not interested, Tolbert continued relentlessly with his comments.

28. Tobert further began to stare at Plaintiff while she worked further contributing to making the work environment uncomfortable and unwelcome.

29. In or around November 2024, another male co-worker, identity unknown, began to make similar comments to the comments Tolbert had been making.

30. The male co-worker would comment about Plaintiff's underwear.

31. Upon Plaintiff's belief, the male co-worker knew Tolbert and the two would talk about Plaintiff in an inappropriate manner given the similarity in inappropriate comments towards Plaintiff.

32. It became clear to Plaintiff that Tolbert had enlisted others to participate in the sexual harassment of Plaintiff.

33. Similarly to this, in or around 2024, and likely at the direction of Tolbert, a female coworker inappropriately touched Plaintiff on the waist.

34. This only worsened the hostile work environment and made the harassment more pervasive.

35. In or around early November 2024, Plaintiff further engaged in protected activity and submitted a formal complaint regarding the behavior of Tolbert and others to Defendant's Employee Relations for Manufacturing department.

36. In the complaint, Plaintiff explained that Tolbert made her feel uncomfortable through his watching her, staring at her butt, harassing her, subjecting her to sexually explicit comments, encouraging others to do the same, and spreading rumors about her underwear.

37. Shortly after, Plaintiff's supervisor, Chris Butler, informed Plaintiff that he believed Tolbert was attempting to sabotage Plaintiff's work assignment and have her removed from her job due to her sexual harassment complaint.

38. On or about November 15, 2024, Defendant interviewed Plaintiff regarding her complaint.

39. Plaintiff explained her statement in more detail to the interviewer to ensure Defendant understood the severity of the harassment she was experiencing.

40. In response, the interviewer assured Plaintiff that the matter would be investigated.

41. However, Plaintiff received no further communication regarding the investigation or her complaints.

42. Additionally, Tolbert continued working alongside Plaintiff, making it clear that no remedial action had been taken to address the ongoing harassment.

43. Plaintiff felt unsupported and more unsafe in the workplace as the harassment continued unchecked.

44. In or around January 2025, Plaintiff underwent an unrelated surgery and was on medical leave.

45. On or about March 13, 2025, Plaintiff received an email stating that the investigation had been closed out.

46. This was the only communication Plaintiff received after her interview in or around November 2024.

47. The blatant disregard for Plaintiff's well-being in the email only made it clear that Plaintiff's complaints of harassment were not adequately handled.

48. In or around June 2025, Plaintiff's medical leave ended and she returned to work for Defendant.

49. Upon her return, the harassment and retaliation Plaintiff was subjected to continued and escalated.

50. Thus, it became clear that Defendant failed to adequately investigate and/or take remedial measures to ensure that Plaintiff was not subjected to further harassment or retaliation for making her protected complaint.

51. On or about June 4, 2025, Plaintiff's co-worker, Alexis (LNU), told her that Tolbert was at work telling others Plaintiff would be terminated for reporting him.

52. Another co-worker, Stephanie Parker, informed Plaintiff that Tolbert asked Stephanie to lie on his behalf in order to get Plaintiff fired.

53. Plaintiff began to be given false write-ups related to her job due to Tolbert's

retaliation against Plaintiff after she filed her report.

54. One such incident involved a female supervisor providing a write up for not informing a team lead about her work, something Plaintiff had never been required to do before.

55. Another such writeup occurred when a co-worker and girlfriend of Tolbert, Laquisha, filed a false HR report against Plaintiff.

56. The report claimed that Plaintiff "bumped her," an action Plaintiff vehemently denies.

57. Plaintiff spoke to her union representative about the report, and requested to file her own report, but was told not to out of a worry of the counter-report being viewed as retaliation.

58. Instead, Plaintiff was situated next to Laquisha on the factory line during work.

59. Plaintiff did not feel safe next to Laquisha and filed her report with HR.

60. Instead of conducting an objective investigation into Plaintiff's report, Plaintiff believes that Defendant only interviewed Plaintiff and Laquisha, as well as non-objective witnesses that were encouraged to take Laquisha's side.

61. As a result of this report and lack of investigation, Plaintiff was suspended for two weeks in a clear retaliatory action in response to Plaintiff's protected activity.

62. At this time, no action has been taken by Defendant to end the harassment Plaintiff has been experiencing since 2021.

63. On or about February 23, 2026, Plaintiff's new shift lead, Nathan (LNU), placed Plaintiff next to Laquisha on the line.

64. In response, Plaintiff complained that she could not work next to Laquisha as she had filed a false report against Plaintiff in retaliation for Plaintiff complaining of Tolbert.

65. As a result, Nathan removed Plaintiff from that section of the line, but his action in first placing her there indicates a blatant disregard to the harassment Plaintiff had been subjected to.

66. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to Defendant as well as her supervisor and union representative about the sexual harassment and continued retaliation.

67. Further, there is employer liability for the sex-based discrimination and sexual harassment, as the harassment was committed by one of Defendant's supervisory employees, Defendant was aware of the harassment, and Defendant took no action.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

68. Plaintiff repeats and re-alleges paragraphs 1-67 as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

70. Defendant knew or should have known of the sexual harassment.

71. The sexual harassment was uniquely severe or pervasive.

72. The sexual harassment was offensive subjectively and objectively.

73. The sexual harassment was unwelcomed.

74. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

75. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

76. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of income and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

77. Plaintiff repeats and re-alleges paragraphs 1-67 as if fully stated herein.

78. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

79. Plaintiff met or exceeded performance expectations throughout the duration of his employment with Defendant, as she never received non-retaliatory write-ups or negative performance remarks.

80. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

81. Defendant retaliated against Plaintiff and subjected Plaintiff to different terms of employment on the basis of Plaintiff's sex.

82. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

83. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

84. As a direct and proximate result of the discrimination described above Plaintiff has suffered and continues to suffer loss of income and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**

**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

85. Plaintiff repeats and re-alleges paragraphs 1-67 as if fully stated herein.

86. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

87. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

88. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

89. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

90. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

91. Plaintiff suffered adverse employment actions in retaliation for engaging in protected activity, including but not limited to false reports and unpaid suspension.

92. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

93. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

94. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of income and has suffered and continues to suffer mental

anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of March, 2026.

**/s/ *Nathan C. Volheim***
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/ *Sophia K. Steere***
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200

Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575-8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*